IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAY V. MAGEE                                )
                                            )
                    Plaintiff,              )
                                            )
      -vs-                                   )            Civil Action 20-949
                                            )
KILOLO KIJAKAZI,[1]                          )
                                            )
      Commissioner of Social Security       )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Jay V. Magee ("Magee") brought this action for review of the final decision of the Commissioner of Security denying his claim for social security benefits. Magee contends that he became disabled on October 24, 2015. (R. 16). He was represented by counsel at a hearing before an Administrative Law Judge ("ALJ") in October 2019. (R. 34-75). During the hearing both Magee and a vocational expert ("VE") testified.  Ultimately, the ALJ denied benefits. (R. 16-27). Magee has filed this appeal. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 19 and 21.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.*  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

2. The ALJ's Decision

At step one, the ALJ determined that Magee had not engaged in substantial gainful activity since October 24, 2015, the alleged onset date. (R. 19). At step two, the ALJ found that Magee suffered from the following severe impairments: spine disorder. The ALJ considered, but rejected, contentions that Magee's hypertension, diabetes mellitus, and hyperlipidemia qualified as severe impairments. (R. 19). Turning to the third step, the ALJ concluded that those impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 19). The ALJ then found that Magee had the residual functional capacity ("RFC") to perform medium work with certain restrictions. (R. 20-25). At the fourth step the ALJ concluded that Magee was able to perform his past relevant work, a composite job consisting of a retail salesclerk / stores laborer. (R. 23). The ALJ also determined, at the fifth step of the analysis, that Magee was capable of performing work in jobs existing in significant numbers in the national economy. (R. 25-27). Consequently, the ALJ denied benefits.

3. Discussion

Magee takes issue with the ALJ's formulation of the RFC and of his alleged "inflation" of inconsistencies and his failure to "seek a professional opinion that might meaningfully guide his RFC analysis." (ECF 20, p. 15). I disagree. To the extent that Magee suggests that the ALJ reviewed the medical records on his own in order to craft

the RFC, his suggestion is unfounded and my decision in *Al Khafaji v. Saul*, Civ. No. 20-14, 2021 WL 2073796 (W.D. Pa. May 24, 2021) is inapplicable. Here, the ALJ did not reject medical opinions on grounds of "staleness."  Neither was the evidence as a whole "insufficient" to permit the ALJ to render an opinion such that an additional consultative examination was required.

The amount of weight accorded to medical opinions is well-established.[2] Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* at 416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlled weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* at 416.927(c)(4). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-

---

[2] Because Magee's claim was filed prior to March 27, 2017, it is not subject to the new Social Security regulations regarding the evaluation and treatment of medical opinions.

supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence [or] record," he must give that opinion controlling weight. *Id.*

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)).However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Social Sec. Admin.*, Civ. No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009).

After careful consideration, I find that the ALJ's assessment of the medical opinions to be supported by substantial evidence of record. The ALJ carefully explained how he evaluated and weighed the medical opinions of record. First, as to the various submissions supplied by Aaron Rodgers, D.C., the ALJ correctly noted that, under the then-applicable regulations, Rodgers is not "an acceptable medical source." (R. 23). *See* SSR 06-3p. Consequently, a chiropractor cannot give medical opinions and cannot be considered a treating source whose opinions may be entitled to controlling weight. *See Chandler v. Comm'r. of Soc. Sec.*, 667 F.3d 356, 361-62 (3d Cir. 2011) and

*Hartranft v. Apfel*, 181 F.3d 358, 361 (3d Cir. 1999). Further, the ALJ explained that Rodgers' opinions are internally inconsistent, at odds with other medical evidence of record, including the MRI taken in 2015, and that Rodger's pronouncements as to complete disability infringe upon legal conclusions reserved to the ALJ. Similarly, the ALJ explained that he gave "little weight" to the opinions offered by Dr. Mohit, who performed the first consultative examination in December 2015, and to Dr. Potashnik, who performed the second consultative examination in June 2016. Again, the ALJ explained that these findings were accorded reduced weight because they did not include functional assessments of Magee's ability to perform physical work-related activities and the findings were inconsistent with other evidence of record. (R. 21-23). These are valid and acceptable reasons for discounting opinion evidence. See 20 C.F.R. 404.1527; 416.927. Additionally, the ALJ explained that the RFC was based upon Magee's "mild findings" from the October 2015 MRI; upon the routine nature of the chiropractic care which yielded nearly identical physical examinations; upon the reports of only mild pain with range of motion in the chiropractic records; upon the conservative nature of the course of treatment, including the absence of any surgery or course of steroids; and upon the fact that physical therapy resulted in an increased range of motion and a decrease in pain. (R. 24-25).

In sum, the ALJ considered all of the relevant evidence in determining the weight he would accord to each opinion. As to each doctor, the ALJ provided a detailed explanation and cited to record evidence in support of his conclusion. The record evidence cited is more than a mere scintilla of evidence and is such that would allow a reasonable person to conclude that the ALJ's assessment of each opinion is adequately

supported. Nothing more is required. Consequently, I find no error with respect to the weight the ALJ assigned to the opinion evidence.

Magee also alleges that the ALJ's assessments of his subjective reports of pain lack substantial evidentiary support. Again, I disagree. An ALJ must follow a two-step process when assessing pain: first, he must determine whether there is a medical impairment that could reasonably be expected to produce the claimant's pain or other symptoms; and, second, he must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. Pain alone does not establish disability. 20 C.F.R. §§ 404.1529(a), 416.929(a). Allegations of pain must be consistent with objective medical evidence and the ALJ must explain the reasons for rejecting non-medical testimony. *Burnett v. Comm'r. of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). In evaluating a claimant's statements regarding pain, the ALJ will consider evidence from treating, examining, and consulting physicians; observations from agency employees; and other factors such as the claimant's daily activities; descriptions of the pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medications; treatment other than medication; and other measures used to relieve the pain. 20 C.F.R. §§ 404.1529, 416.929. I must defer to the ALJ's determinations unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 031, 95 S.Ct. 1133 (1975).

Here, the ALJ specifically stated that he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective

medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (R. 20) Moreover, the ALJ followed the proper method in assessing Magee's symptoms and pain. That is, he first determined whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce Magee's pain or other symptoms, then the ALJ evaluated the intensity, persistence and limiting effects of those symptoms. (R. 20-25)  The ALJ comprehensively detailed Magee's medical history. He properly compared the medical evidence and other evidence of record, including activities of daily living, the intensity of pain, factors that precipitate and aggravate the symptoms, the effectiveness of medication, and treatment other than medication, and found them not to be entirely consistent. He referenced the limited and conservative treatment consisting of chiropractic treatment and physical therapy. (R. 21). Further, the ALJ noted that the chiropractic treatment record "appears to be formulaic, with largely identical physical examination findings over the lengthy course of treatment." (R. 21). At no time was there a recommendation for more invasive treatment such as injections or orthopedic surgery. (R. 21). Additionally, the ALJ noted that the record does not reflect any limitations regarding upper extremities despite Magee's statements that he is limited in the use of his hands. (R. 21). In short, I find that the ALJ's findings are supported by substantial evidence of record.

Consequently, I find that the ALJ's findings regarding the assessment of medical opinions, Magee's subjective complaints of pain, and the formulation of the RFC are supported by substantial evidence of record. As such, there is no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAY V. MAGEE                                    )
                    Plaintiff,                  )
                                                )
     -vs-                                       )          Civil Action No. 20-949
                                                )
KILO KIJAKAZI,                                  )
                                                )
Commissioner of Social Security, Defendant.     )

AMBROSE, Senior District Judge.


## ORDER OF COURT

Therefore, this 30th day of September, 2021, it is hereby ORDERED that the

Motion for Summary Judgment (Docket No. 19) is DENIED and the Motion for Summary

Judgment (Docket No. 21) is GRANTED. The Clerk of Courts shall mark this case

"Closed" forthwith.

BY THE COURT:

Donetta W. Ambrose
United States Senior District Judge